# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZHAOSHI TANG ) | |
| ) | |
| Plaintiff, ) | |
| ) | **C.A.:** |
| v. ) | |
| ) | **Judge** |
| The Partnerships and Unincorporated ) | |
| Associations Identified on Schedule A ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED DOCUMENTS FOR GOOD CAUSE

Pursuant to Local Civil Rule 5, Plaintiff, by counsel, hereby moves for leave to file a redacted version of the following documents and/or temporarily file the following documents under seal:Schedule A to the Complaint, which includes a list of Amazon account names used by Defendants; and (2) Exhibit B to the Complaint, which contains screenshots of the Defendants' Internet Store listings.

Plaintiff relies on its Memorandum in Support and the Proposed Order filed herewith to support its motion.

Courts frequently seal documents in patent infringement cases to preclude the defendant from learning the case until its assets can be restrained or seized. *See, e.g., Chrome Cherry Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-05491, 2021 WL 6752296 (N.D. Ill. Oct. 20, 2021); *Modine Mfg. Co. v. Borg-Warner, Inc.*, No. 12-CV-815-JPS, 2013 WL 5651381 (E.D. Wis. Oct. 15, 2013).

In determining whether to seal a document, Court must independently determine whether "good cause" exists to seal the requested information from the public record. See Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999). The court found good cause and granted the motion to file under seal the list of defendants and *ex parte* motion for a temporary restraining order in a case where the plaintiff filed an action to combat Defendants' infringement of its patented design by creating e-commerce stores that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. *Chrome Cherry Ltd.*, 2021 WL 6752296, at *2.

In this case, Plaintiff has a strong interest in preventing Defendants from discovering the suit's existence. Plaintiff has moved for a temporary asset restraint. If the documents identified above are not redacted or filed under seal, Defendants will receive notice that their assets are at risk and will have the incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained.[1] Plaintiff will suffer irreparable harm if Defendants can transfer their assets in this manner. Accordingly, Plaintiff has a good cause and strong interest in temporarily sealing the above-referenced documents, and this interest substantially outweighs the general interest in access to court records.

Accordingly, Plaintiff respectfully requests leave to temporarily file under seal and/or file redacted versions of the following documents: (1) Schedule A to the Complaint and (2) Exhibit B to the Complaint. Once the temporarily restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

---

[1] Plaintiff believes that Defendants are Chinese companies or individuals with overseas bank accounts not subject to this Court's jurisdiction. See generally Verified Complaint.

Dated: July 14, 2023                    Respectfully Submitted:

*/RDWy/*

Robert M. DEWITTY
Attorney for Opposer
DeWitty and Associates
700 12th Street, N.W. Suite 700, PMB 97894
Washington, D.C. 20005
T: 202 380 9609
F: 202 513 8071
E: admin@dewittyip.com
   rmdewitty@dewittyip.com