I IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZHAOSHI TANG ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A.: 1:23-cv-04587 |
| v. ) | |
| ) | |
| The Partnerships and Unincorporated ) | |
| Associations Identified on Schedule A ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER

COMES NOW PLAINTIFF ZHAOSHI TANG ("Plaintiff") hereby present this Motion for its Request for a Temporary Restraining Order ("TRO") in this action arising out of 35 U.S.C. § 271, with supporting evidence and documents, alleging as follows:

**I.    Irreparable Harm can be legally presumed and supported by the present facts.**

Plaintiff has established in its Memorandum in support of the Motion for TRO a strong likelihood of success for the validity and infringement (by Defendants) of the '221 patent (Dkt. 1 ("Exhibit A")). In view of the strong likelihood of validity and infringement, irreparable harm may be presumed, which is a premise that has been supported by the federal circuit (see, *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, 429 F.3d 1364, 1381 (Fed. Cir. 2005) ("The district court did not abuse its discretion by presuming irreparable harm. We have consistently held that a district court should presume that a patent owner will be irreparably harmed when, as here, a patent owner establishes a strong showing of likely infringement of a valid and enforceable patent …"), and the Northern District of Illinois (see, *Chamberlain Group, Inc. v. Lear*

1

*Corporation*, No. 05 C 3449, at *9 (N.D. Ill. Mar. 30, 2007) ("The Federal Circuit and lower courts have generally held that patent holders are entitled to a presumption of irreparable harm upon making a clear showing of validity and infringement.").

More evidently, as shown in Exhibit B (Dkt. 1), there are several sellers offering their Infringing Products at prices as low as $12.98. This extremely low price will more than likely lead to price erosion, eventually downgrading the plaintiff's price point for their Authentic Product because in the marketplace, when the same product is offered at a lower price, customers will almost always select the product with the lower price (DeWitty Declaration at para. 6-7). In one sense, the price erosion occurs on the Amazon selling platform due to its algorithms. Amazon's algorithm looks at a product and scrapes the internet looking for a lower price. If Amazon finds a lower price, the marketplace will lower the price of the product (*Id.*, DeWitty Decl.). This price erosion is irreversible as consumers grow used to paying lower prices for the plaintiff's products.

Price erosion further has the result of eroding brand equity. Brand equity is the perceived value a customer has for a brand, which determines the price they are willing to pay for products. When potential customers see low prices for a seller's products, the inherent value for that seller also degrades. In this case, because the extremely similar appearing Infringing Products can be sold at disparagingly low prices, and the plaintiff will need to reduce their price in order to stay market competitive, the plaintiff's brand equity will subsequently erode (*Id.* DeWitty Decl.). This eroded brand equity will likely be irreversible as consumers' opinion of the brand is extremely difficult to rise following erosion.

II.     **Sufficient cause for alternative under Federal Rules of Civil Procedure 4(f)(3).**

Pursuant to FRCP 4(f)(3), Plaintiff has set forth cause for service of process by publication on a website having links to the documents for download by the defendant. Notably, while sufficient effort has been expended, through internet searching and searching on store platforms, such as Amazon.com, Plaintiff's counsel has been unable to locate likely official addresses of the defendant, as it has been Plaintiff's counsel's experience that addresses provided on the platforms are intended to avoid communications relating to fraudulent activity (DeWitty Decl.).

Furthermore, in the experience of Plaintiff's counsel, service by notification to an internet store platform, such as Amazon, whereby a link is provided to them, followed by delivery of the link to the email addresses of the defendant is the most secure and assured way of notifying the defendant of the underlying action and providing access to documents and orders of this case (DeWitty Decl.) Plaintiff has already created a link to the documents of the present case, which may be accessible here https://app.box.com/s/5tgxb39kspir97b5zjs6tpoes83p6dh1.

In light of the irreparable harm evident in the present case, as well as sufficient cause for service by alternative means, Plaintiff requests issuance of the TRO. Plaintiff provides a newly issued Proposed Order, which is inclusive of the points above, for the Court's consideration. A Memorandum of Law in Support is filed concurrently with this Motion.

Dated: July 17, 2023

Respectfully Submitted:
/RDWy/

Robert M. DEWITTY

DeWitty and Associates
700 12th Street, N.W. Suite 700, PMB 97894
Washington, D.C. 20005
T: 202 380 9609
F: 202 513 8071
E: admin@dewittyip.com
   rmdewitty@dewittyip.com