IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Zhaoshi Tang,<br><br>      Plaintiff,<br><br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br><br>      Defendants. | Case No. 23-cv-04587<br><br>Judge Thomas M. Durkin<br><br>Magistrate Judge Jeffrey Cole |

**SEALED TEMPORARY RESTRAINING ORDER**

Plaintiff Zhaoshi Tang ("Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order and Other Relief (the "Motion") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the alias names identified in Schedule A (the "Defendant Alias Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, PLAINTIFF has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Online Marketplaces.

United States, including Illinois, and have sold products using infringing and counterfeit versions of PLAINTIFF's federally registered U.S. Patent D927,221 to residents of Illinois. In this case, PLAINTIFF has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products infringing PLAINTIFF's patent without authorization. *See* Docket No. 1, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its goods to customers in Illinois infringing Patent D927,221.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because PLAINTIFF has presented specific facts in the Declaration of Robert DeWitty in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a. further infringing U.S. Design Patent D927,221 and damaging Plaintiff's patent rights;

    b. manufacturing, importing, distributing, offering for sale, or selling the any knock-off and copycat products, i.e., iron frame and any colorable variations thereof (the "Infringing Products") into or within the United States and her territories;

c. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PLAINTIFF, nor authorized by PLAINTIFF to be sold or offered for sale, and which infringe PLAINTIFF's patent,.

   e. otherwise competing unfairly with Plaintiff in any manner.

   f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Amazon.com Internet Store accounts or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

   g. operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of Infringing Products.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts until further ordered by this Court, except by written agreement with Plaintiff.

3. PLAINTIFF is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b.  the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.  Upon PLAINTIFF's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within five (5) business days after receipt of such notice, provide to PLAINTIFF expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a.  the identities and locations of Defendants listed on Schedule A attached hereto, their officers, agents, servants, employees, attorneys, and any persons acting in active

concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the identities of and all contact information, including any email addresses related to Defendants listed on Schedule A and any entities having any ownership or control over the Amazon.com marketplace stores operated by said Defendants;

c. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces;

d. any Amazon.com marketplace accounts owned, operated, or controlled by said Defendants and their officers, affiliates, agents, and/or employees; and any Amazon.com marketplace accounts owned, operated, or controlled by said Defendants and their officers, affiliates, agents, and/or employees.

e. records of the sales of Defendants' Infringing Products, as identified by their respective ASINs as set forth in Schedule A, and

f. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon PLAINTIFF's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 5, shall within-five (5) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the PLAINTIFF patent.

6. Any entities with actual notice of this order, including any banks, credit card companies, or payment processing companies including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within three (3) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court, including allowing the transfer of any accounts and/or funds internationally.

7. Pursuant to Fed.R.Civ.P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a. Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions and/or Marketplace Platforms,

b. Requesting that the Financial Institutions cause Defendants' online marketplace website(s) to redirect to the Link.

c. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and Unincorporated Associations on Schedule "A" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from any online marketplaces or payment processors shall constitute notice reasonably calculated under all circumstances to appraise Defendants of the pendency of this action and afford them the opportunity to present their objections.

8. PLAINTIFF must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

9. Amazon.com ("Amazon") and its related companies and affiliates shall, within three (3) business days of receipt of this Order, identify and restrain all funds, as opposed to ongoing account activity, in or which hereafter are transmitted into the Amazon accounts related to each respective Defendant as identified on Schedule "A" hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s), (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other Amazon accounts subject to this Order; and (iii) any other Amazon accounts tied to or used by any of the sellers identified on Schedule "A" hereto. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account owners until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by Amazon for any purpose (other than pursuant to a chargeback made pursuant to Amazon security interest

in the funds) without the express authorization of this Court or at the direction of Plaintiff with written authorization from the affected Defendant.

10. PLAINTIFF's Exhibits and Schedule A to the Pleading (Docket Nos. 8-10) and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

11. Within seven (7) calendar days of entry of this Order, PLAINTIFF shall deposit with the Court $10,000.00, either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. This Temporary Restraining Order without notice is entered at 8:00 A.M. on this 25th day of July 2023 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by August 7, 2023.

_____
Thomas M. Durkin
United States District Judge

# Schedule A

| No. | Defendant Name/Alias | No. | Defendant Name/Alias |
|---|---|---|---|
| 1 | lilulustore | 2 | Updesign Store |
| 3 | RomSale | 4 | Lorbro |
| 5 | Pixzhou US | 6 | ABC Shopping Mall |
| 7 | The Lakeside Collection | 8 | OYEAL Direct |
| 9 | KES Faucet & Shower | 10 | BTY HOME |
| 11 | NORCEESAN DIRECT | 12 | spacerest-us |
| 13 | Lzhevsk-US | 14 | Docoo |
| 15 | YBING Direct | 16 | Yummy Makeup |
| 17 | CADUKE Direct | 18 | S Wisdom HF |
| 19 | Wings of Esa | | |

| No. | Online Marketplaces |
|---|---|
| 1 | Amazon |
| ~~3~~ | |
| ~~5~~ | |
| ~~7~~ | |
| ~~9~~ | |
| ~~...~~ | |