IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHAOSHI TANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:23-CV-04587 |
| v. ) | |
| ) | Judge Thomas M. Durkin |
| THE PARTNERSHIPS AND ) | Magistrate Judge Jeffrey Cole |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A" ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant stores Yummy Makeup and Wings of Esa, pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 21 respectfully seeks dismissal of the Complaint [ECF 1] with prejudice, and in support states:

## INTRODUCTION

Dismissal is proper for two main reasons. *First*, joinder in this action is inconsistent with 35 U.S.C.S. § 299 because the remaining defendants in this case do not sell the same products. *Second*, Defendant stores Yummy Makeup and Wings of Esa did not infringe U.S. Patent no. D927,221, because the Yummy Makeup and Wings of Esa's product is plainly dissimilar from the patent.

## ARGUMENT

**I. JOINDER OF DEFENDANTS WAS IMPROPER**

Plaintiff has made no attempt to show that it is entitled to join the defendants in this case in a way that is consistent with 35 U.S.C.S. § 299, which "is more stringent than Rule 20, and adds a requirement that the transaction or occurrence must relate to making, using, or selling of the

1

same accused product or process." *Rosetta-Wireless Corp. v. Apple Inc.*, No. 15 C 799, 2015 U.S. Dist. LEXIS 152538, at *8 (N.D. Ill. Nov. 10, 2015).

This patent case cannot proceed with all the named defendants because they do not sell the same product and did not arrive in this Court through the same transaction or occurrence. Moreover, continuing to litigate this matter in one action is a burden to the Court and prejudicial to the defendants. Congress passed 35 U.S.C.S. § 299 to prevent suits against multiple defendants solely on the basis that they sold "similar" products that allegedly infringed the same patent. Congress passed a strict joinder requirement for patent cases requiring that the "same transaction or occurrence" must "relat[e] to the making, using, importing into the United States, offering for sale, or selling of the **same** accused **product or process**." 35 U.S.C. § 299 (emphasis added).

There is little debate that the "same" product means literally the exact same product. Congress was clear that the express purpose of §299 was to "legislatively abrogate" broad readings of permissible joinder, "effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions," with Congress citing Rudd v. Lux Products that "allegations that unrelated defendants design, manufacture and sell *similar* products does ***not*** satisfy Rule 20(a)'s requirement." H.R. Rep. No. 112-98, 55 n.61 (2011), *reprinted in* 2011 U.S.C.C.A.N. 67, 85 n.61; *Rudd v. Lux Products Corp.*, 2011 WL 148052, *3 (N.D. Ill. January 12, 2011) (emphasis added). To be joined, the defendants must sell the same accused product, which is not the case here.

The nine remaining defendants in this case sell at least four distinct products. The products are shelves but share few similarities. Some of the shelves have horizontal rails while others have vertical rails. *See Exhibit B* [ECF 9]. For example, Updesign Store's product has

three horizontal rails, the spacerest-us product has multiple vertical rails, and Wings of Esa's product has rails that start vertically but are rounded at the top and are significantly shorter than the spacerest-us product. (*Id.*).



Updesign Store (*Id*. at 1)    spacerest-us (*Id*. at 7)    Wings of Esa (*Id*. at 11)

Some of the products have top rails that dip at one location while others have top rails that only go part way around the shelf. *Id.* For example, the top rail in the spacerest-us product dips at one location to allow access to the items on the shelf but extends completely around the shelf, while the Lzhesk-US product has a railing that does not fully extend around the shelf.



spacerest-us (*Id.* at 7)    Lzhevsk-US (*Id.* at 8)

In addition, the bases of the products have major design differences; some of the bases are solid pieces with varying thicknesses while others have bare metal bases with different designs. As can be seen from the product examples from Exhibit B, each of the products has

significant differences that would require separate analysis, exactly the outcome that § 299 was written to avoid.

A design patent is alleged in this case so the differences between the products must be viewed in that light. In other words, even if the products have a similar function, the design differences are the critical factor in determining that they are different products pursuant to U.S.C.S. § 299.

Federal Rule of Civil Procedure 21 covers the misjoinder of parties and provides that on motion or on its own, a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Since the stores Yummy Makeup and Wings of Esa do not sell the same product as the other stores, we ask that the Court dismiss Yummy Makeup and Wings of Esa based upon misjoinder.

## II. NO INFRINGEMENT OF THE DESIGN PATENT

"[W]hile infringement is a question of fact, courts may dismiss claims of design infringement on a Rule 12(b)(6) motion where, as a matter of law, no reasonable factfinder could find infringement." *Curver Luxembourg, SARL v. Home Expressions Inc.*, No. 2:17-cv-4079-KM-JBC, 2018 WL 340036, at *4 (D.N.J. Jan. 8, 2018), aff'd, 938 F.3d 1334 (Fed. Cir. 2019).

As this court articulated, in design patent cases "a plaintiff must demonstrate that 'an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design.' *Crocs v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); see also *Egyptian Goddess, Inc. v. Swisa*, Inc., 543 F.3d 665, 676, 678. (Fed. Cir. 2008). 'Where a patented design and an accused product are not 'plainly dissimilar,' the court must conduct a three-way analysis comparing the accused product, the patented design, and the prior art.' *ABC Corp*, 52 F.4th at 942 (citing *Egyptian Goddess*, 543

F.3d at 677-78)." *Hangzhou Chic Intelligent Tech. Co. v. Gyroor*, 2022 WL 17583755, *1 (N.D. Ill. 2022).

U.S. Patent no. D927,221 and the Wings of Esa and Yummy Makeup product (hereinafter referred to as "the Product") are plainly dissimilar. *See Exhibit B* [ECF 9]. The railing is what the ordinary observer would notice first when looking at a hanging shelf. The '221 patent has three horizontal rails with vertical posts at the four corners and at both openings in the front, while the Product has multiple vertical rails and a top rail but does not have vertical rails at the four corners. *Id.* The Product is also lacking the two horizontal rails that rap around the '222 patent.



D927,221  Yummy Makeup (*Exhibit B*., at 9)

The '221 patent has rails and posts without any rounded edges, while the top rail in the Product is rounded at the corners and the vertical rails are rounded where they meet the top rail. Although both the '221 patent and the Product have an opening in the front, the '221 patent has the opening on the left side of the shelf while the Product has the opening in center. The '221

patent has hooks that connect directly to the back of the shelf while the Product has hooks that are attached to a crossbar hanging from the shelf.

The differences between the '221 patent and the Product meet the plainly dissimilar standard as articulated by the Federal Circuit. For example, in *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1336 (Fed. Cir. 2015) the Federal Circuit found no infringement of a design patent for a medical device because there was no "genuine dispute the claimed and accused designs of an ultrasonic surgical device are plainly dissimilar." *Id.*



*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1336 (Fed. Cir. 2015)

The court went on to explain that "on a general conceptual level, both designs include an open trigger, a small activation button, and a fluted torque knob in relatively similar positions within the underlying ultrasonic device. Similarity at this conceptual level, however, is not sufficient to demonstrate infringement of the claimed designs." *Id.*

District courts have found other products with superficial similarities with a design patent are plainly dissimilar. When looking at a design patent for a cup holder a Wisconsin district court found "no genuine dispute of material fact that the claimed and accused designs of the cup

6

holders are plainly dissimilar." *Raffel Systems, LLC v. Man Wah Holdings Ltd., Inc.*, 570 F.Supp.3d 613 (E.D. Wis. 2021)



*Raffel Systems, LLC v. Man Wah Holdings Ltd., Inc.*, 570 F.Supp.3d 613 (2021)

If this Court finds that the '222 patent and the Product are not plainly dissimilar "the inquiry may benefit from comparing the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015).

Any superficial similarities between the '222 patent and the Product are weakened by a review of the prior art. Both the '222 patent and the Product have an opening in the front, but this type of opening in hanging shelf already exists in the prior art. One example is U.S. Patent no. D757,457 for storage basket, issued on May 31, 2016, which is more than one year before the '222 priority date. *See* D757,457, attached as Exhibit A. The '457 patent, which is in the same field as the '222 patent, includes an opening in the front. *Id.* Therefore, the opening in the front is not a novel aspect of the '222 patent.



Prior art Patent no. D757,457

As previously discussed, there are significant differences between the railing in the '222 patent and the railing in the Product, but both have a top rail and vertical rails. Neither of these features are novel to the '222 patent. One example is U.S. Patent no. D705,565 for an over the door storage assembly, issued on May 27, 2014, which is more than one year before the '222 priority date. *See* D705,565, attached as Exhibit B. The '565 patent, which is in the same field as the '222 patent, includes a top horizontal rail and vertical rails. Therefore, having a top rail and vertical rails is not a novel aspect of the '222 patent.



Prior art Patent no. D705,565

The prior art shows that any similarities between features of the '222 patent and the Product are not novel. Therefore, even if the '222 patent and the Product were not plainly dissimilar, a look at the prior art prevents a reasonable factfinder from finding infringement.

## CONCLUSION

Based on the foregoing, Defendant stores Yummy Makeup and Wings of Esa respectfully request that this Court dismiss this case in its entirety. Plaintiffs have failed to properly join these stores in this action in a way that is consistent with 35 U.S.C.S. § 299 since Yummy Makeup and Wings of Esa do not sell the same product as the other defendants. There is no infringement because the '222 patent and the Product are plainly dissimilar, and the few similarities are previously disclosed in the prior art.

Dated: October 9, 2023
Defendant Stores Yummy Makeup (Defendant #16) and Wings of Esa (Defendant #19).

By:/s/ Benjamin Solter
One of their attorneys

Benjamin Solter
Intelink Law Group, PC
2 Embarcadero Center, 8th Floor
San Francisco, CA 94111
781-752-6369
bsolter@solteriplaw.com
bsolter@intelinklaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system on this 9th day of October 2023 and served electronically on Plaintiff's counsel of record.

By:/s/ Benjamin Solter