**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| ZHAOSHI TANG, <br><br> Plaintiff, <br><br> v. <br><br> PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 1:23-cv-04587 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Jeffrey Cole** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Zhaoshi Tang, by and through his attorney Robert M. DeWitty, files this opposition to Defendants' Yummy Makeup and Wings of Esa Motion to Dismiss filed October 9, 2023, asserting as follows:

**I.    JOINDER OF YUMMY MAKEUP AND WINGS OF ESA WAS PROPER.**

    **A.    Joinder Under 35 U.S.C. §299(a).**

Defendants' Yummy Makeup (Defendant No. 16) and Wings of Esa (Defendant No. 19) assert that, under 35 U.S.C. §299, Plaintiff's claim of design patent infringement should be dismissed 'because the remaining defendants … do not sell the same products' (Dkt. 50).

35 U.S.C. §299, as part of the Leahy-Smith America Invents Act (Pub. L. No. 112-29), sets when joinder of accused patent infringers is proper. §299(a) states accused infringers may be joined in one action as defendants if 'any right to relief is asserted against the parties jointly,

1

severally, or in the alternative with respect to or arising out of the same transaction, occurrence … relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product …'. *Rosetta-Wireless Corp. v. Apple Inc.*, No. 15-cv-799 at *5 (N.D. Ill. Nov. 10, 2015).

## B. Defendants' Yummy Makeup and Wings of Esa transactions relate to the same accused product.

Defendants cite no case law for their legal assertion that the phrase 'same accused product' in §299(a) means 'literally the exact same product' (Doc. 50 at 2). While relying upon and emphasizing language from Rudd v. Lux Products Corp., defendants presumably attempt to juxtapose 'similar' against the word 'same' from the statute. Then, relying upon this premise, defendants analyze products sold in an attempt to highlight the differences in the product with the **221 patented design, thus concluding they are 'different products'.

§299(a) apparently does not include a definition of the phrase 'same accused product', but in Mednovus, Inc. v. Qinetiq Grp. PLC, the court found plaintiffs explicitly alleged that each defendant infringed on a different set of products. *Mednovus, Inc. v. Qinetiq Grp. PLC*, No. 2:12-cv-03487-ODW(JCx), at *4 (C.D. Cal. Oct. 1, 2012) ("the following Defendants infringe on the following products "that implement, utilize or otherwise embody" the '829 Patent: QinetiQ: the Ferroguard products and systems (FAC ¶35), Metrasens: the Ferroguard Screener (ACR Zone-3 Screening Solution), Ferroguard Entry Control (ACR Zone-4 Solution), and Ferroguard "Best Practices" Solution (FAC ¶32), ETS-Lindgren: the Ferroguard Ferromagnetic Detection System, Ferroguard Beacon, and Ferroguard Screener (FAC ¶ 33), Invivo: the Ferroguard Entry Control System, Freestanding Portable Ferroguard, Ferroguard Wall Mount ISD, Ferroguard Wall Mount OSD, and Ferroguard Patient Screener (FAC ¶ 34)"). The court held plaintiff's allegations were

insufficient to meet §299(a). *Id.* ("These allegations are facially insufficient to meet § 299's heightened standard for joinder. For one, Plaintiffs' allegations that each Defendant infringed on a different set of products fails § 299(a)(1)'s requirement").

In determining the 'sameness' between patented designs and infringing products, courts have held the design of a hat as compared to t-shirts and bottlecaps was not substantially similar as to cause confusion (*Kellman v. Coca-Cola Co.,* 280 F.Supp. 2d 670, 680 (E.D. Mich. 2003)), when the mere similarity between a hockey stick duck call and a hockey stick keychain was their shape in that of a hockey stick, the products were not substantially similar (*Vigil v. Walt Disney Co.,* 1998 U.S. Dist. LEXIS 22853 (N.D. Cal. Dec. 1, 1998), *aff'd* 2000 U.S. App. LEXIS 6231 (Fed. Cir. April 5, 2000)), and because no one would purchase a video game displaying a virtual stun gun believing they were purchasing the actual stun gun, there was no infringement. *P.S. Prods., Inc. v. Activision Blizzard, Inc.*, 140 F. Supp. 3d 795, 802 (E.D. Ark. 2014) ("Where no ordinary observer could determine that the allegedly infringed patent and the allegedly infringing article are substantially the same, dismissal is appropriate.")

Here, as shown in the images provided in Defendants' motion, all the products apparently consist of a frame (Doc. 50 at p. 3). Whether any of the alleged differences are accurate, there is no doubt that the products are at least substantially the same as the **221 patented design. They are not different sets of products, but all correspond to the article of manufacture falling under the **221 patent.

        C.      The "same transaction or occurrence" requirement of 35 U.S.C. § 299 is met.

Courts have applied this "transaction or occurrence" requirement of Fed. R. Civ. P. 20(a)(2) using a "case-by-case approach" based on a "flexib[le] . . . standard [that] enables the federal courts

3

to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012). "In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true." *Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020). A court must construe the complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences" in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff needs to show "it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations". *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 556 (2007)).

Here, Plaintiff's well-pleaded allegations establish that the Defendants are all operating in the same transaction, occurrence, or series of transactions or occurrences. All of the Defendants fit into the following profile:

- Defendants use tactics to make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network, *i.e.,* going to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. *See* Dkt. 1 at ¶¶ 9, 11;

- There are numerous similarities among the Defendant Internet Stores, *i.e.,* using same product images, same item titles accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services,

and the use of the same text and images, including content copied from Plaintiff's original product listings, and marketing strategies to target consumers while attempting to evade enforcement. *See* Dkt. 1 at ¶ 12;

- None of the Defendants are authorized retailers of Plaintiff's Products. *See* Dkt. 1 at ¶ 10;

-Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts, *i.e.,* registering new online marketplace accounts under new aliases once they receive notice of a lawsuit, shipping products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. *See* Dkt. 1 at ¶ 13;

- Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. *See* Dkt. 1 at ¶ 14; and

- According to the Amazon store owner's information showed on Amazon websites, parts of the Defendants can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of those Defendants companies only have 1 or 2 employees, and the employees are also the actual owners of the Defendant companies. *See* Doc 1 at ¶ 15.

Joinder of these defendants thus satisfies the standards under §299. Defendants request for dismissal on the basis of improper joinder due to different products should be denied.

**II. Plaintiff's Opposition to Defendants' assertion of 'no infringement' Design Patent D927221.**

**A.     Standard under 12(b)(6).**

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *Juno Online Services, L.P. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 687 (N.D. Ill. 1997). Where the court considers evidence outside the pleadings, the motion is treated as a motion for summary judgment. *Id.* Summary judgment will be granted only if, viewing the facts and inferences in the light most favorable to the non-moving party, the party moving for summary judgment proves the absence of a genuine issue of material fact and establishes its right to judgment as a matter of law. *Id.*

Rule 12(b)(6) motion to dismiss for failure to state a claim "is a purely procedural question not pertaining to patent law" and therefore, in this case, Seventh Circuit law should be applied. *Trading Technologies International v. BCG Partners*, No. 10 C 715, *5 (Consolidated with 10-cv-716, et al.) (N.D. Ill. May 5, 2011). A claim upon which relief can be granted must contain a short, plain statement showing the pleader is entitled to relief. *Id.* To survive a motion to dismiss, a complaint must be "plausible on its face" taking the plaintiff's allegations as true. *Id.* For this motion, the district court should not decide whose version to believe, or which version is more likely than not. *Id.* The court should ask itself *could* these things have happened, not *did* they happen. *See, Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Trading Technologies International,* quoting, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

1. **Design Patent Infringement.**

Under Federal patent law, patents may be granted for designs for manufactured articles. 35 U.S.C. §171(a); *see, Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 432 (2016). Analysis of patent infringement claims involves two steps, claim construction and claim comparison. *Curver Luxembourg, SARL,* at *6. Construing, or claim construction, is a matter for the Judge. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977 (Fed. Cir. 1995) ("the Supreme Court has repeatedly held that the construction of a patent claim is a matter of law exclusively for the court."). In the case of design patents, construction must be adapted to the drawings of the patent. *Crocs v. Int'l Trade Com'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010) ("Design patents are typically claimed as shown in drawings and claim construction must be adapted to a pictorial setting.")

In the second step, the construed patent claims are compared against allegedly infringing products. *PC Connector Solutions LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1362 (Fed. Cir. 2005) ("Second, the claim as properly construed must be compared to the accused device or process"), quoting, *Carroll Touch, Inc. v. Electro Mech. Sys. Inc.,* 15 F.3d 1573, 1576 (Fed. Cir. 1993). In the case of design patents, the comparison between a patent design and accused product occurs via the ordinary observer test "without any 'point of novelty'". *Crocs* at 1303, quoting, *Egyptian Goddess v. Swisa*, 543 F.3d 665, 678 (Fed. Cir. 2008) ("we believe that the preferable way to achieve that purpose is to do so directly, by relying on the ordinary observer test, conducted in light of the prior art.")

2. **The Ordinary Observer Test conducted in light of the Prior Art.**

In Egyptian Goddess v. Swisa, the court held the sole test for determining design patent infringement is the 'ordinary observer' test. *Egyptian Goddess v. Swisa*, 543 F.3d 665 (Fed. Cir.

2008). That test is described as 'infringement will not be found unless the accused article embodies the patented design or any colorable imitation thereof'. *Id.* In the instance when the claimed and accused designs are not plainly dissimilar, whether an ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art. *Id.* (" resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art, as in many of the cases discussed above and in the case at bar."); *see also, Bevin Brothers Manufacturing Co. v. Starr Brothers Bell Co.*, 114 F. 362 (C.C.D.Conn. 1902) (the patented form was commonly found in the prior art); *Zidell v. Dexter*, 262 F. 145, 147 (9th Cir. 1920)("… at and prior to the conception of this design there were in use and on sale very many similar garments, with variations in design so slight as to leave to the ordinary observer the impression of a very general resemblance …").

### 3. Use of the Prior Art in 'Ordinary Observer' Test.

Courts have relied upon a patented design and prior art designs when applying the ordinary observer test. With reference to previous cases, the court in Egyptian Goddess pointed out that a design patent's limited interpretation when the similarities between the patent and prior art designs are no greater than those that exist between the patented design and alleged infringing designs. *Id* at 675, quoting, *Applied Arts Corp. v. Grand Rapids Metalcraft Corp.*, 67 F.2d 428, 430 (6th Cir. 1933). The court further pointed out that infringement will be found when the accused design copies a particular feature of the patented design that is conspicuously absent from the prior art. *Egyptian Goddess,* at 677 (Fed. Cir. 2008) ("If the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar to the claimed design, and thus infringing.") The

8

ordinary observer test does not lead to assigning exaggerated importance to small differences between the patented design and the alleged infringing designs. *Id.* ("the ordinary observer test does not present the risk of assigning exaggerated importance to small differences between the claimed and accused designs relating to an insignificant feature simply because that feature can be characterized as a point of novelty.")

### B. Yummy Makeup and Wings of Esa do not meet their burden under 12(b)(6).

#### 1. Plaintiff has argued facial plausibility in its claim.

In its complaint, Plaintiff alleged that defendants Yummy Makeup and Wings of Esa had actual knowledge of the \*\*221 patent (Doc. 1, ¶3), that the defendants operate fully interactive, commercial online marketplaces (operating in the U.S.) (Id. ¶8), that the defendants were willful in the infringement of the \*\*221 patent (Id. ¶16), and that \*\*221 is a valid patent (Id. ¶6). *Trading Technologies* at \*7-8. In light of the sufficient of factual content and statements, Plaintiff has presented a story that holds together, i.e., allowing the court to ask itself 'could these things have happened'. *Id.* On this aspect alone, defendants' motion to dismiss under 12(b)(6) should be denied.

#### 2. A reasonable factfinder could find infringement.

In Curver Luxembourg, SARL v. Home Expressions, Inc., the court granted the motion to dismiss on the claim of design patent infringement on the grounds of prosecution history estoppel. *Curver* \*9. In Curver, the court found the title of the patent to be relevant as it was "explicitly and intentionally narrowed to one article of manufacture" during patent prosecution. *Id.* ("Curver then resubmitted the design patent as "[t]he ornamental design for a pattern *for a chair*""). The court found the claim of design patent infringement was not plausible because the design patent is

9

limited to its article of manufacture, which in its resubmitted form was for a chair. *Id.* at 14. ("… the patent protects only a pattern for a chair. It does not protect the same pattern on a basket").

In this case, the prosecution history of the \*\*221 does not show a surrender of any scope of the design patent application from its initial filing (March 24, 2021) until is grant (August 10, 2021) (Declaration of Robert M. DeWitty). *See, Curver* at \*9 ("Whether prosecution history estoppel bars the infringement claim in this case turns on three questions: (a) whether there was a surrender of claim scope; (b) whether the surrender was for reasons of patentability; and (c) whether the accused design is within the scope of the surrender"). In the lack of any evidence of scope surrender, and Plaintiff having a story that 'holds together', a reasonable fact finder could find design patent infringement by defendants did occur.

### 3. Defendants' argument of 'plain dissimilarity' is not supported.

Defendants assert that elements between the patented design and their alleged infringing products are plainly dissimilar (Doc. 50, pp. 5). Defendants attempts to focus on aspects of the patented design and the alleged infringing products and apply the plainly dissimilar standard. However, the standard in Ethicon Endo-Surgery, Inc. v. Covidien, Inc. was applied when the lower court held because each component had a functional aspect, the "underlying elements must be excluded from the scope of the design claims" at the general conceptual level. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1336 (Fed. Cir. 2015). The removal of the underlying elements left features, when compared to the accused product, that were plainly dissimilar. In this case, defendants do not argue that components of the \*\*221 patented design have functional aspects that should be removed. Defendants have attempted to argue plain dissimilarity, without the benefit of expert affidavit or witness testimony, that a jury would be permitted to consider. *Dyson, Inc. v. Sharkninja Operating LLC*, No. 14-cv-779, at \*1 (N.D. Ill.

Nov. 17, 2015) ("Whether the accused products and design patents are substantially similar such that an ordinary observer would be deceived … [is a] question[s] of material fact for the jury."). A determination of plain dissimilarity at this juncture is inappropriate and should be discarded. *Id.* ("There has been no claim construction in this case …").

### 4. The designs elements of 'an opening' and 'a base' are conspicuously missing from the prior art.

Defendants have put forward two examples of prior art, D757457 and D705565, while arguing aspect designs in the patents as being 'novel'. The attention to novelty as a factor in the ordinary observer test is inappropriate as it focuses exaggerated attention to small differences between the patented design and defendants infringing products. *Egyptian Goddess,* at 677. Defendants failed to discuss the least 10 prior art references made of record by the patent examiner (Declaration of Robert M. DeWitty).

Patent **457 shows an opening in its front, which defendants argue supports such an opening is not novel. However, none of the 10 prior art made of record as shown on the patent fail to show an opening. This feature should be considered conspicuously missing from the prior art, including patent **565, but this feature is clearly evident in **221 and the defendants allegedly infringing products.

Patent **565 shows a base on its floor, however this is the only prior art that claims a base. None of the 10 prior art references claim a base in the floor. This feature should be considered conspicuously missing from the prior art, but is clearly evident in the **221 patent and the defendants allegedly infringing products.

11

The fact that two conspicuously missing aspects in the **221 patent, that being the opening in the front and the base at the bottom of the frame, are present in defendants allegedly infringing products supports defendants' products being substantially similar to the **221 patented designs.

### C. Genuine Issue of Material Fact exists.

Summary judgment will be denied if a genuine issue of material fact exists. *Juno Online Services, L.P.*, at 687. In the field of design patent litigation, summary judgment should not be granted if the technical aspects of the design are not readily comprehended by one unskilled in the art, if the record is inadequate, if there is a need for expert testimony, if the expert testimony is conflicting, or if there is some other genuine issue of material fact. *Brookfield Athletic Shoe v. Chicago Roller Skate*, 607 F. Supp. 241, 248 (N.D. Ill. 1984). Patent cases are in most circumstances unsuited for resolution by summary judgment, for they ordinarily involve determinations of fact regarding, for example, the scope and content of the prior art. *Id.*

Here, summary judgment should be denied as it is inappropriate because there are genuine issues of material fact. Defendants have only alleged two patents as prior art (D757457 and D705565), while Plaintiff has presented 10 prior art documents (set out in the **221 patent cover). This is by no means all the pertinent prior art that could determine the validity of the **221 design patent. *Brookfield Athletic Shoe,* at 248 (N.D. Ill. 1984) ("This is particularly true if the patented design is relatively simple and the court is capable of examining the prior art on its own"). With regard to the prior art provided by Defendants, the scope of **457 and **565 remains to be determined. While **565 possesses a base, because the base is round, the scope of **565 should be determined. While **457 possesses an opening, because hooks are positioned at the top of the frame and there are no hooks below, the scope of this reference needs to be determined.

## CONCLUSION

Because any differences between the **221 patented design and defendants' products do not create new sets of products, their joinder in this lawsuit is proper and their motion should be denied. Because Plaintiff's complaint factual supports a story that 'can hold up', they have satisfied the requirement of facial plausibility and Defendants motion to dismiss under 12(b)(6) should be denied. Further, as there remain genuine material facts in dispute, summary judgment should be denied.

DATED: October 23, 2023                    Respectfully submitted,

                                           _____
                                           Robert M. DeWitty
                                           DeWitty and Associates
                                           712 H Street, NE PMB 97684
                                           Washington, D.C. 20002
                                           Attorney for Plaintiff