IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHAOSHI TANG,<br>    Plaintiff,<br>v.<br><br>PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br>Defendants | Case No.: 23-cv-04587<br><br>Judge Thomas M. Durkin<br>Magistrate Judge Jeffrey Cole |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS UNDER FRCP 12(b)6**

Plaintiff Zhaoshi Tang, by and through his attorney Robert M. DeWitty, files this opposition to Defendants' Docoo and Lzhevsk-US Motion to Dismiss filed November 10, 2023, asserting as follows:

I.    **STANDARD UNDER FRCP 12(b)(6).**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the

non-movant. *Juno Online Services, L.P. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 687 (N.D. Ill. 1997).

## II.    FINDING DESIGN PATENT INFRINGEMENT.

A design patent is issued by the U.S. Patent Office pursuant to 35 U.S.C. § 171 for any new, original, and ornamental design. Infringement for design patents will only be found when an article copies the patented design or is a "colorable imitation thereof". *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 678 (Fed. Cir. 2008). In evaluating design patent infringement, the test is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Id.* at 672.

### A.    Consideration of Prior Art.

When the differences between the claimed and accused designs are viewed in light of the prior art, the attention of the hypothetical ordinary observer may be drawn to those aspects of the claimed design that differ from the prior art. *Crocs. v. International Trade Com'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010). "Minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *Id.* quoting *Payless Shoesource, Inc. v. Reebok International Ltd.*, 998 F.2d 985, 991 (Fed. Cir. 1993).

### B.    The Ordinary Observer.

The ordinary observer, also referred to as the 'prospective purchaser', is the individual, who for the first time sees the two articles and is pleased to the point of buying. *Standard Match Corporation v. Bell Mach. Co.,* 83 F.2d 365 (7th Cir. 1936) ("Would such a prospective purchaser be confused by the similarity of the two match holders?"); *see also, Egyptian Goddess v. Swisa*, 543 F.3d 665, 670 (Fed. Cir. 2008) (""[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the

resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." quoting *Gorham Company v. White*, 81 U.S. 511, 528 (1871)).

    **C.**    **Element-by-element analysis is improper.**

Case law requires analyzing the patented design as a whole in the determination of infringement. Undue emphasis on particular details of the written description of a patented design has been deemed as the mistaken use of a checklist for infringement. *Crocs*, 598 F.3d at 1303-1304 ("Without a view to the design as a whole, the Commission used minor differences between the patented design and the accused products to prevent a finding of infringement. In other words, the concentration on small differences in isolation distracted from the overall impression of the claimed ornamental features"); *see also*, *Amini Innovation Corp. v. Anthony California*, 439 F.3d 1365, 1372 (Fed. Cir. 2006) ("... the trial court mistakenly analyzed each element separately instead of analyzing the design as a whole from the perspective of an ordinary observer"). When applying the "overall design" standard set forth in <u>Crocs. v. International Trade Com'n,</u> courts should avoid focusing on features that "stand out as dissimilar" and utilize the background prior art as a frame of reference. *Revision Military, Inc. V. Balboa Mfg. Co.,* 700 F.3d 524, 527 (Fed. Cir. 2012) ("... in determining whether apparently minor differences between specific features would be recognized as distinguishing the designs, it is often helpful to refer to any prior with which the ordinary observer would reasonably be familiar").

In an attempt to distinguish between the claimed design and accused products of this case, defendants have performed an element-by-element checklist. Done in isolation and not considering the overall design, defendants attempt is improper.

## III. DEFENDANT'S IMPROPER CLAIMED DESIGN TO ACCUSED PRODUCT ANALYSIS.

### A. Scope of the D927,221 (**221) patent is its visual impact.

Defendants contend that 'design patents have almost no scope', but they have failed to point out functional aspects of the **221 patented design. *Oddzon Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent."). While the scope of a design patent is narrow, it is defined by its overall visual impression. *TRUCOOK, L.L.C. v. BOND/HELMAN, INC.*, No. 00 CV 4865, at *1 (N.D. Ill. July 18, 2001) ("A court's claim construction therefore properly limits the scope of the patent to its overall ornamental visual impression, rather than to the broader general design concept.").

Defendants have improperly attempted to verbally describe Plaintiff's patented design in their motion (Dkt. 70, pp. 4). Courts should refrain from providing a detailed verbal description of a patented design, but rather issue a claim construction specifying that the claimed design is "shown in the figures of" the U.S. Design Patent. *Competitive Edge, Inc. v. Staples, Inc.*, 763 F.Supp. 2d 997, 1011 (N.D. Ill. 2010) ("The Court has appropriately refrained from construing the design patent claim "by providing a detailed verbal description of the claimed design" and has instead issued a claim construction order specifying that the claimed design is that "shown in the figures of U.S. Design Patent Number D530,734 …""). Defendants' description creates a 'straw man' argument, imparting limitations into Plaintiff's Iron Frame patented design that were not created during prosecution of the D927,221 patent. Defendants verbal description serves to improperly limit the scope of the D927,221, i.e., its overall visual impression. This Court should

thus construe the claims of the \*\*221 patent to that "shown in figures of U.S. Design Patent D927,221". Plaintiff provides the visual images of the \*\*221 patent in Exhibit 1.

**B.     Defendants fail to consider the prior art when comparing the \*\*221 patented design and defendants' designs.**

Comparison between the claimed design and accused designs occurs following claim construction. *TRUCOOK, L.L.C. v. BOND/HELMAN, INC.*, No. 00 CV 4865. \*1 (N.D. Ill. July 18, 2001). Under the 'ordinary observer' test discussed in <u>Egyptian Goddess,</u> the attention of the ordinary observer will be drawn to those aspects patented design that differs from the prior art. *Egyptian Goddess v. Swisa*, 543 F.3d 665, 676 (Fed. Cir. 2008) ("When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to those aspects of the claimed design that differ from the prior art"); *see also, Voltstar Techs., Inc. v. Amazon.Com, Inc.*, No. 13 C 5570, at \*9 (N.D. Ill. July 28, 2014). A court should place emphasis on features that deviate from the prior art but are shared between the patented design and accused design. *Id.; see also, Egyptian Goddess v. Swisa*, at 676 (Fed. Cir. 2008) ("when the claimed design is close to the prior art designs, small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer.").

Defendants have failed to consider the prior art, which would have defined which aspects of the claimed design an ordinary observer would have been drawn to. The cover of the \*\*221 patent lists 10 prior art documents. Plaintiff reproduces the images of the prior art documents that the ordinary observer would be familiar with (Exhibit 2). *See, Revision Military, Inc. V. Balboa Mfg. Co.,* 700 F.3d 524, 527 (Fed. Cir. 2012).

**C.     The 'overall ornamental visual impression', in view of the prior art, supports the 'ordinary observer' would be drawn to a design having a solid base, a partially open front, and metal framework sides.**

When considering the prior art, it is apparent no claimed design claims all of a solid base, a partially open front, and metal framework sides.  Regarding screwholes, as several documents show screwholes (USD784721, USD880896), these would not draw the attention of an ordinary observer.

The **221 claimed design is thus 'not close' to the prior art, and hence the elements of a solid base, a partially open front, and metal framework sides would draw the attention of an ordinary observer.  These features are also shared by the **221 claimed design, and Defendants' Lzhevsk and Docoo products:

The Lzhevsk accused product below creates the overall visual impression of metal framework sides, having a solid base, and a partial opening in front.  The metal framework sides visually include vertical 'wire' and horizontal 'wire'.



The Docoo accused product below creates the overall visual impression of metal framed sides, having a solid base, and a partial open front. The metal framework sides visually include vertical 'wire' and horizontal 'wire'.



Because the **221 claimed design is not close to the prior art, small differences between **221 claimed design and the Lzhevsk and Docoo accused products would not be as apparent, or important, to the ordinary observer. The overall visual impression between the **221 claimed design and the accused product shows at least substantial similarity in their designs, making infringement as alleged in Plaintiff's complaint facially plausible.

Without parsing Defendants' element-by-element analysis, it is improper as it attempts to create a checklist instead of considering the overall visual impression of the **221 claimed design and the accused products. On this reasoning, Defendants' motion to dismiss for failure to state a claim should be dismissed.

**IV.    DEFENDANTS' CITED CASES SUPPORTING 12(B)(6) MOTION TO DISMISS DESIGN PATENT INFRINGEMENT ARE DISTINGUISHABLE FROM THIS CASE.**

*PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)6*

Defendants provided several cases in support of granting a motion to dismiss under 12(b)(6) for design patent infringement, but the facts in these cases are clearly distinguishable from the instant case. In all cases, the grant of the motion to dismiss was based upon elements apparent in the claimed design or accused product that were not apparent in the other, or, in one case, the design patent could be considered absurd.

In <u>Parker v. Kimberly-Clark, Corp.</u>, the court point out several differences the ordinary observer would notice between the two napkins (products). Pointed out differences include the Poise Hourglass Pad having a heart shaped end. *See, Parker v. Kimberly-Clark Corp.*, 11 C 5658 (N.D. Ill. Jan. 10, 2012).




Poise Hourglass Pad        Figure 1 of the '611 Patent




Poise Hourglass Pad        Figure 2 of the '611 Patent



Poise Hourglass Pad      Figure 3 of the '611 Patent

Even still, the Court referred to the prior art in pointing out their substantial similarity to the claimed design:



Patent No. 500, 131[1]      Figure 1 of the '611 Patent

In the instant case, the overall impression of the accused Docoo and Lzhevsk products are substantial similar to the **221 claimed design. Further, defendants failed to consider the prior art.

In <u>Young v. Stone</u>, 2014 WL 4271624 (N.D. Ill. Aug. 28, 2014), referring to the claimed design and accused product



Plaintiff's Product        Defendant's Product

the court emphasized the clear appearance of a washer around the pole of Plaintiff's product versus the inclined plane of Defendant's Product. *Young v. Stone*, No. 13 C 4920, at *7 (N.D. Ill. Aug. 28, 2014) ("One of the most obvious differences between the products is that top of the lower disk on defendant's product is noticeably inclined, directing the ball upward to the center where it is held in place. Plaintiff's design features a flat lower base with what appears to be a washer around the center column that holds the ball.") In the instant case, there is no apparent elemental difference between the **221 claimed design and defendants accused design.

    In Legler v. Exxel Outdoors, Inc., the court utilized the ordinary observer test, and referred to the overall impression of the claimed design and accused product:



The court pointed out features that were present in the claimed design that were not present on the accused product. *Legler v. Exxel Outdoors, Inc.*, No. 13-C-668, at *10 (E.D. Wis. July 29, 2014) ("Figures 1 and 2 show the ornamental features that Legler attempted to exclude from her claim: handle, flaps, and fasteners. The Inflatabed does not have these features. Instead, Figures 1E and 2E show a Velcro square covering the air valve of the air mattress, a feature absent from the '806 patent.") The court held the Inflatabed lack of those features made it visually dissimilar from the claimed design. *Id.* at *13 (E.D. Wis. July 29, 2014) ("Both items are sleep mats, but to state the obvious, Legler's design is for a sleep mat that is *compactible* and *transportable,* while the Inflatabed lacks an intrinsic method for storage or transport. The distinction between the two items is manifest."). In the instant case, there is no apparent feature in the claimed design that is not apparent in Defendants' accused products.

    To other cases, Cross v. Dick's Sporting Goods, Inc. is distinguishable from the instant case because of the claimed design holders attempt to rely upon a functional element to establish substantial similarity. *Cross v. Dick's Sporting Goods, Inc.*, 2:21CV198-PPS/JPK, at *7 (N.D.

Ind. Apr. 5, 2022) ("A claim of design patent infringement cannot be stated based on this functional element, and for this reason as well, the proposed first amended complaint appears to be futile."). WePay Glob. Payments v. McDonald's Corp. is clearly distinguishable as the court derisively disregarded the patent as being "essentially nothing but unadorned squares and circles". *WePay Glob. Payments v. McDonald's Corp.*, 22 C 1064, at *6 (N.D. Ill. Nov. 29, 2022) ("Plaintiff's attempt to compare what is essentially nothing but unadorned squares and circles with McDonald's sales items, food menu, and condiments, might perhaps be good fodder for a Seinfeld episode, but borders on the ridiculous in a federal court. "). In the instant case, Plaintiff's claimed design shows protectable novelty and ornamental features. In MSA Products, Inc. v. Nifty Home Products, Inc., the court pointed out the capability of the claimed design, through the design, to hold more elements that the accused design. *MSA Products, Inc. v. Nifty Home Products, Inc.*, 883 F. Supp. 2d 535, 541 (D.N.J. 2012) ("The products embodied in the MSA Patents appear to be wide enough to hold six coffee pods across, while the three-drawer K–Cup Units only appear wide enough to hold three."). In the instant case, it is not apparent the **221 claimed design has increased capability because of its design when compared to defendants' accused products.

V. CONCLUSION.

As Defendants' accused products (Docoo and Lzhevsk) are at least substantial similar to Plaintiffs *221 claimed design, and facial plausibility of design patent infringement exists in Plaintiff's complaint, Defendants' motion to dismiss under 12(b)(6) should be denied.

DATED: November 24, 2023                                  Respectfully submitted,

Robert M. DeWitty
DeWitty and Associates
712 H Street, NE PMB 97684
Washington, D.C. 20002
Attorney for Plaintiff