UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZHAOSHI TANG,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>Defendants. | No. 23 C 4587<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Defendants Yummy Makeup and Wings of Esa seek dismissal for misjoinder under 35 U.S.C. § 299. R. 50. For the following reasons, that motion is granted, and the Court dismisses the case against Yummy Makeup and Wings of Esa without prejudice.

**Background**

Plaintiff brought this action for design patent infringement against 19 defendants in connection with U.S. Patent no. D927,221 for the ornamental design of a shelf used to hang an ironing board while storing an iron and other products. *See* R. 1; R. 8. Defendants Yummy Makeup and Wings of Esa moved to dismiss for misjoinder and plain dissimilarity between the patented design and their products. R. 50. Following oral argument and an examination of the patented design and Yummy Makeup and Wings of Esa's products, the Court held that the products were

1

not plainly dissimilar and denied dismissal on that ground.[1] The Court now considers whether dismissal is proper for misjoinder.

## Discussion

Before the adoption of the Leahy-Smith America Invents Act of 2011, 35 U.S.C. § 100 *et seq.* ("AIA"), "it was common for patent holders . . . to sue or attempt to sue multiple infringers in a single suit. The AIA sought to put a stop to this." *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21 C 536, 2021 WL 308882, at *1 (N.D. Ill. Jan. 30, 2021). The AIA provides that accused infringers of a patent may be joined in a single action as defendants only if a right to relief "is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" that involve making, using, importing, offering, or selling "the same accused product or process," 35 U.S.C. § 299(a)(1), and only if there are questions of fact common to all defendants that will arise, *id.* § 299(a)(2). Importantly, "accused infringers may not be joined in one action as defendants . . . based solely on allegations that they each have infringed the patent or patents in suit." *Id.* § 299(b). And even if these requirements are met, joinder may still be refused "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding the principles of fundamental fairness." *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

---

[1] During the hearing, the Court also considered defendants Docoo and Lzhevsk-US's motion to dismiss on dissimilarity grounds. Because those defendants did not raise joinder, the Court does not consider that issue with respect to those defendants.

Courts typically find that claims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when there is a "logical relationship" between them. *Id.* at 1358. Such a relationship "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* at 1359. Courts have "considerable discretion" and "flexibility" in determining whether a plaintiff has plausibly alleged such a relationship. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

Plaintiff's complaint falls short of showing a logical relationship. While he alleges, on information and belief, that the defendants are acting in concert with each other, R. 1 ¶ 9, his well-pled factual allegations do not support a reasonable inference that the defendants are part of a network of infringers or that there is substantial evidentiary overlap in the claims against each of them.

First, Plaintiff asserts that all of the defendants' online storefronts share numerous similarities, such as the use of the same product images and language, including content copied from Plaintiff's listing, and similar pricing. R. 1 ¶ 12. But that is not borne out by the examples Plaintiff attaches to his complaint. Insofar as the defendants use the same words and images, they are generally descriptive of the function of the shelves being sold (e.g., images of irons on the selves, use of "ironing board hanger"), and the prices range significantly. *See* R. 9; *see also Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's

3

allegations, the exhibit takes precedence."). Even if the webpages were identical, it would not necessarily suggest the defendants are connected. To the contrary, it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices. *See Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *2 (N.D. Ill. Feb. 6, 2021); *cf. Rudd v. Lux Products Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."). Likewise, that the defendants use the same accepted payment and checkout methods and hosting services, R. 1 ¶ 12, is simply a reflection of the fact that they operate stores through Amazon, not an indicator that they are part of a network of infringers. Such "coincidentally identical" facts do not support joinder. *In re EMC*, 677 F.3d at 1359.

None of Plaintiff's remaining allegations plausibly tie the defendants or claims against them together. To the extent that he suggests a link by virtue of the fact that their companies are located in China and have similar numbers of employees, the Court is not persuaded. R. 1 ¶ 15; *see also Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511, 514 (N.D. Ill. 2020). And the allegations that defendants in this case and others "use of a variety of common tactics to evade enforcement efforts," such as registering new accounts when they receive notice of a lawsuit, shipping in small quantities, operating multiple credit card merchant accounts, and moving funds offshore, R. 1 ¶¶ 11, 13, 14, are "highly generic and apply equally to individuals and entities engaging in activities

4

that are not the subject of this suit." *See Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021). Essentially, Plaintiff's complaint boils down to a claim that the defendants infringed on his design patent in the same way. That is not sufficient to link one defendant's infringement to another as part of "the same transaction, occurrence, or series of transactions or occurrences." 35 U.S.C. § 299(a); *see also AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014).

It bears noting that this Court has previously held that joinder of multiple alleged counterfeiters in a trademark action is proper under Rule 20. *Bose*, 334 F.R.D. at 516; *see also* Fed. R. Civ. P. 20(a)(2)(A) (permitting defendants to be "joined in one action . . . if any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"). The Court explained that the Rule's inclusion of the term "occurrence" suggests that joinder may be appropriate in cases where there is mass harm but no express "transactional" coordination among the attackers. *Bose*, 334 F.R.D. at 516. The Court described how a "swarm" of counterfeiters attacking Bose's trademarks fit the bill, contrasting this game of "whack-a-mole" with the analogy offered in *AF Holdings*: individuals who play at the same blackjack table, with the same strategy and maybe even the same dealer and winnings, at different times. *Id.* The "swarm" was the occurrence from which Bose sought shelter, not any one act of counterfeiting. *Id.* at 517.

5

That is not what we have here. This case does not involve a "swarm" of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark. Rather, it involves multiple sellers of the exact same type of product allegedly infringing on one seller's design patent. The essence of the dispute here is not infringement *en masse* but rather instances of infringement by distinct competitors. In other words, this case is far more like *AF Holdings*'s game of blackjack than *Bose*'s game of "whack-a-mole." To construe this set of circumstances as a cooperative occurrence like that in *Bose* is inaccurate.

The ruling in *Bose* was also informed by the fact that none of the counterfeiters would likely appear, such that if the Court severed the defendants, the way in which Bose's claims would be litigated or managed was unlikely to change. *Id.* Indeed, *Bose* caveated that should any defendant appear and distinguish itself from the "swarm," the Court would sever that defendant in the interest of fairness. *Id.* Here, Yummy Makeup and Wings of Esa have appeared, are defending the case in earnest, and for the reasons stated, are not properly joined with the other remaining defendants.

In sum, Plaintiff's allegations are insufficient to show that his claims against Yummy Makeup and Wings of Esa arise out of the same transaction, occurrence, or series of transactions or occurrences as his claims against the other defendants. As such, joinder is not proper as to Yummy Makeup and Wings of Esa, and the Court need not consider whether the AIA's other requirements are satisfied.

## Conclusion

For the foregoing reasons, the Court grants Yummy Makeup and Wings of Esa's motion to dismiss as to joinder and dismisses the case against those two defendants without prejudice.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 4, 2024